**Opinion filed December 18, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00155-CV

_____

## IN THE INTEREST OF M.J. AND M.J., CHILDREN

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 9062-CX**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the parents of M.J. and M.J.  The mother filed this appeal.  On appeal, she presents a single issue in which she challenges the factual sufficiency of the trial court's best interest finding.  Because the evidence is sufficient to support the challenged finding, we affirm the trial court's order.

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2020).  To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent.  *In re C.H.*,

89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (D) and (E). *See* FAM. § 161.001(b)(1)(D), (E). Appellant does not challenge these findings on appeal.

The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the children. *See id.* § 161.001(b)(2). In her sole issue on appeal, Appellant challenges the factual sufficiency of the evidence in support of the trial court's best interest finding.

At the time of trial, Appellant's children were ages five years old (M.J.1) and two years old (M.J.2), respectively. They had been in the care of the Department of Family and Protective Services for over two years due to Appellant's actions. The Department became involved with the family when three-year-old M.J.1 and one-month-old M.J.2 were found in a "drug home" by a Department employee who had gone to the home to remove two other children that lived in the home and had tested positive for cocaine. At that time, Appellant "was going from place to place" and had no stable residence.

The court ordered Appellant and her children to submit to drug tests. Appellant eventually submitted to the testing. M.J.2 tested positive for marihuana, and Appellant tested positive for marihuana and cocaine.

The children were removed from Appellant's care, and the trial court ordered Appellant to participate in various services in order for the children to be returned to her care. Appellant completed most of those services and, with the Department's help, finally obtained suitable housing. The children were returned to Appellant in a monitored return. However, this monitored return ended less than three months later. Appellant, who had moved again during the monitored return, had left the children home alone while she went out for the evening. The children were drug tested and, based on the results of those tests, were again removed from Appellant's care. At that time, the children were placed with a relative but were subsequently removed from the relative's home after she permitted Appellant to have unsupervised visitation with them. The children were then placed in foster care.

As a result of a mediated settlement agreement, the trial court subsequently attempted a second monitored return. The second monitored return, however, was also unsuccessful. Appellant allowed frequent unapproved visitors into the home. One of those frequent visitors, Appellant's mother, had recently been released from prison after serving time for the offense of possession of cocaine. When the

3

Department's permanency case manager learned about Appellant's mother, she asked Appellant to bring the children in for drug tests. M.J.2 tested positive for cocaine. The children were removed and placed in foster care. There were no appropriate relatives available for placement of the children.

We note that, at the time of removal from the second monitored return, which lasted about two months, Appellant's landlord was in the process of evicting Appellant. Despite her housing problems, Appellant failed to pursue any of the housing options suggested by the Department.

The record reflects that, throughout the case below, Appellant continued to use drugs and failed to maintain stable housing. She endangered her children and exposed them to cocaine and very unstable living conditions.

According to the Department's case manager, the children were doing well in foster care and were finally getting the counseling services that they had needed to work through some of the trauma to which they had been exposed. The Department's goal for the children is adoption by nonrelatives. Family members of a previous foster placement had come forward and indicated that they would "love to adopt" the children; the potential adoptive parents were in the process of getting licensed at the time of the de novo hearing on termination. The case manager believed that termination of Appellant's parental rights would be in the children's best interest.

We note that the trier of fact is the sole judge of the credibility of the witnesses at trial and that we are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). Based upon the *Holley* factors and the evidence in the record, as set forth above, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the children, the emotional

and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of Appellant, the instability of Appellant's home, the Department's plan for the children, the trauma and drugs that the children were exposed to while in Appellant's care, the two failed monitored returns, and Appellant's continued use of drugs for the extended period of time while the case was pending below, the trial court could reasonably have formed a firm belief or conviction that it would be in each child's best interest for Appellant's parental rights to be terminated. We hold that the evidence is factually sufficient to support the trial court's best interest finding as to each child. Appellant's sole issue on appeal is overruled.

We affirm the trial court's order of termination.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


December 18, 2020

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.